UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jacqueline Suzanne Price Sequoia, | ) | C/A No. 8:25-cv-0158-DCC-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Kevin Lamar Williams Sequoia, Jenny Abbot Kitchings, Melissa C. Lisa Burton, M. Scott McElhannon, Keith G. Denny, Amie S. Carpenter, Druanne D. White, Megan Goodwin Burke, R. Scott Dover, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, proceeding *pro se*, brings this civil action alleging violations of her constitutional rights. Plaintiff filed this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the Complaint for relief and submit findings and recommendations to the district court. For the reasons below, this action is subject to summary dismissal.

**BACKGROUND**

Plaintiff commenced this action by filing a 24-page Complaint, which is construed as seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. The Complaint is captioned as "Rule Nisi Default Judgement with Enforceable Writ of Execution if not Specifically Answered only in Writing on Record within 30 Days." *Id*. at 1. The caption also asserts the following enumerated claims: (1) emergency federal injunction with removal of jurisdiction, (2) violation of constitutional rights, (3) notice of constitutional question, (4) de novo review with all rights preserved on record, (5) domestic abuse, rape, and child abuse, (6) fraud and deceit. *Id*. The caption references the following state court actions: South Carolina Appellate Case No. 2024-

002002 and South Carolina Family Court Case Nos. 2021-DR-37-00292 and 2019-DR-37-00385. *Id*.

Plaintiff makes numerous allegations against each Defendant named in the Complaint. The Court has carefully considered the Complaint in its entirety. The allegations all stem from family court proceedings and a related appeal. By way of summary, Plaintiff contends that the South Carolina Court of Appeals has issued an order in the above-referenced cases based on South Carolina Appellate Court Rule 203 in violation of Plaintiff's First Amendment right to petition the government for redress of grievances, her Sixth Amendment right to constitutionally effective counsel, her Seventh Amendment right to a trial by jury, and her Fourteenth Amendment right to equal protection under the law.[1] *Id*. at 2. Plaintiff contends that

> Due to the state court rule denying the exercise of Plaintiff's Constitutional Rights, REMOVAL OF JURISDICTION of the above referenced cases to the Honorable Federal Court is necessary and appropriate. If this matter did not involve[] the violations of Plaintiff's and Children's Constitutional rights then a Petition for Writ of Certiorari to the South Carolina Supreme Court would be in order. Respectfully, State Courts can never issue rulings on Federal Constitutional Rights due to lack of Jurisdiction. . . . [Plaintiff] respectfully requests the Federal Court to please docket her Complaint . . .

*Id*. at 2–3.

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim

---

[1] The Court is unable to find Appellate Case No. 2024-002002 on the South Carolina Appellate Case Management System. Plaintiff alleges "Jenny Abbot Kitchings used South Carolina Appellate Court Rule 203 to deny the Plaintiff her constitution rights . . ." ECF No. 1 at 10. Rule 203 sets for the requirements for a Notice of Appeal, including notice, time for service, and others.

on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is a *pro se* litigant, the pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct legal arguments for Plaintiff, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove the claims as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

# DISCUSSION

**Removal**

Plaintiff includes language in the Complaint which suggests that she is attempting to remove to federal court certain state family court proceedings. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), and a litigant must allege facts essential to show jurisdiction in his pleadings. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). As such, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"

Under 28 U.S.C. § 1441(a), "a civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." The

burden of demonstrating jurisdiction and the propriety of removal, however, rests with the removing party. *See Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004). In determining federal question jurisdiction, the complaint controls. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Citing certain state family court actions, Plaintiff asks this Court to "docket her Complaint" based on "proper removal jurisdiction." ECF No. 1 at 3. Plaintiff, however, cannot remove the state family court actions because this Court lacks subject matter jurisdiction over them. 28 U.S.C. § 1447(c) requires that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Petitioner alleges federal question jurisdiction based on violations of the United States Constitution arising from state family court proceedings. Plaintiff cannot manufacture federal question jurisdiction in the present matter by referencing the United States Constitution because the state family court actions did not arise under the United States Constitution or other federal laws.[2] *See Gully v. First Nat'l Bank*, 299 U.S. 109 (1936) (noting that the basis of federal question jurisdiction must appear upon the face of the state court complaint, and it cannot be supplied by reference to the answer or petition); *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 585 (4th Cir. 2006) (noting that "actions in which [state court] defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question" (internal citations omitted)). This Court lacks subject matter jurisdiction to accept removal of family court proceedings from the state court. The

---

[2] Plaintiff did not provide copies of the state court pleadings as required by 28 U.S.C. § 1446(a) (requiring the defendant to file a notice of removal containing a short and plain statement of the grounds for removal, together with a copy of all state court process, pleadings, and orders). Nevertheless, the description of the state court proceedings in the Complaint demonstrates that the claims in the state court proceedings do not arise under the United States Constitution or other federal laws. Plaintiff merely asserts that the procedures in the state court proceedings do not protect her constitutional rights to the degree that she believes is appropriate.

underlying family court actions could not have been brought originally in federal court, and Plaintiff's attempt to raise federal issues in this Court does not create federal jurisdiction.

This Court has routinely dismissed or summarily remanded on initial review cases brought by *pro se* litigants making substantially similar allegations seeking to remove family court actions from the state courts. *See, e.g., Rorrer v. JW Revocable Living Tr. for Whitfield*, C/A No. 0:23-cv-02567, 2023 WL 6619364, at *3 (D.S.C. Oct. 11, 2023) (*sua sponte* remanding family court matter and "finding that divorce proceedings are strictly confined to the state family court"), *appeal dismissed by* No. 23-2153, 2024 WL 1904349 (4th Cir. Jan. 29, 2024); *Wazney v. Wazney*, C/A No. 3:20-cv-02399-HMH-KFM, 2020 WL 6163098, at *2 (D.S.C. July 22, 2020) (*sua sponte* remanding family court matter and noting "the underlying family court action does not involve claims arising under the Constitution or federal laws (nor do the documents indicate that the claims depend on the resolution of a substantial question of federal law) so as to confer federal question subject matter jurisdiction on the court"), *R&R adopted in part by* 2020 WL 6253563 (D.S.C. Oct. 22, 2020); *S.C. Dep't of Soc. Servs. v. Capers*, C/A No. 1:17-cv-01418-JMC, 2017 WL 6462405, at *2 (D.S.C. Dec. 19, 2017) ("Defendant offers no basis for how a family court child support action is a federal claim, and therefore, he fails to show that this case arises under federal law. Additionally, to the extent Defendant attempts to raise a defense to the child support action based on the listed federal statutes and acts, such defenses do not establish removal jurisdiction.").

Because the Complaint involves matters arising from the state family court proceedings, this Court does not have jurisdiction over Plaintiff's claims and removal is improper. Accordingly, the case should be dismissed for lack of subject matter jurisdiction.

*Rooker-Feldman* Doctrine[3]

The Court also should not entertain Plaintiff's claims based upon the *Rooker-Feldman* Doctrine. The *Rooker-Feldman* Doctrine is jurisdictional and may be raised by the Court *sua sponte*. *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) ("A litigant may not circumvent these jurisdictional mandates by instituting a federal action which, although not styled as an appeal, 'amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court.'" (citations omitted)). "[T]he *Rooker-Feldman* doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006).

Plaintiff identifies two family court cases from the Oconee County Family Court (case numbers 2021-DR-37-00292 and 2019-DR-37-00385) and an appeal purportedly filed in the South Carolina Court of Appeals (appellate case number 2024-002002). ECF No. 1 at 1. Plaintiff makes numerous allegations concerning her rights and claims arising from the "unconstitutional orders" issued in these cases. *See, e.g., id*. at 3, 12 (allegations regarding Judge McElhannon's order on modification of child custody). For her relief, Plaintiff demands a "de novo review of the entire case history beginning in 2019 to present" and a modification of custody. *Id*. at 22. Thus, Plaintiff is asking this Court to reconsider or interfere with the execution of the state family court's judgment.

---

[3] The *Rooker-Feldman* Doctrine derives its name from two cases decided by the United States Supreme Court finding that the district court lacks subject matter jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments where the district court is requested to review and reject those judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

The *Rooker-Feldman* Doctrine applies to bar the exercise of federal jurisdiction even when a challenge to state court decisions or rulings concerns federal constitutional issues; instead, only the United States Supreme Court may review those state-court decisions. *See Feldman*, 460 U.S. at 476–82 (a federal district court lacks authority to review final determinations of state or local courts because such review can be conducted only by the Supreme Court of the United States under 28 U.S.C. § 1257); *see also Dukes v. Stone*, C/A No. 3:08-cv-505-PMD-JRM, 2009 WL 398079, at *4 (D.S.C. Feb. 17, 2009) (explaining that only the United States Supreme Court is empowered with appellate authority to reverse or modify a state court judgment). The *Rooker-Feldman* Doctrine applies even if the state court litigation has not reached a state's highest court. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 892–93 & nn.3–4 (9th Cir. 1986); *see also* 28 U.S.C. § 1738 (providing that a federal court must accord full faith and credit to a state court judgment); *Robart Wood & Wire Prods. Corp. v. Namaco Indus.*, 797 F.2d 176, 178 (4th Cir. 1986). Because Plaintiff seeks an order from this Court interfering with or vacating the judgment entered in and related to the state family court proceedings, the present action is subject to summary dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See, e.g., Kelley v. Saleeby*, C/A No. 4:08-cv-00639-RBH, 2008 WL 3927230, at *2 (D.S.C. Aug. 21, 2008), *aff'd by* 302 F. Appx 218 (4th Cir. 2008) ("The proceedings and rulings made in the Darlington County Family Court cannot be reviewed or set aside by the United States District Court for the District of South Carolina in this case"); *Banks v. S.C.*, C/A No. 9:10-cv-785-CMC-BM, 2010 WL 2365352, at *5 (D.S.C. May 6, 2010), *R&R adopted by* 2010 WL 2365417 (D.S.C. May 28, 2010) (finding the *Rooker-Feldman* Doctrine bars claims that a plaintiff was injured as the result of state family court decisions made in a child support enforcement action); *S.C. Dep't of Soc. Servs. v. Obregon-Mejia*, C/A No. 8:17-cv-2659-TMC-JDA, 2018 WL 627892, at *8 (D.S.C. Jan. 10,

2018), *R&R adopted by* 2018 WL 625007 (D.S.C. Jan. 30, 2018) (finding the court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine where a plaintiff challenged a state family court order terminating the plaintiff's parental rights); *Saylor-Marchant v. ACS*, C/A No. 2:15-cv-3749-DCN-MGB, 2015 WL 7871230, at *3 (D.S.C. Nov. 4, 2015), *R&R adopted by* 2015 WL 7854233 (D.S.C. Dec. 3, 2015) (applying the *Rooker-Feldman* Doctrine to bar a case challenging state family court custody proceedings); *Allen v. Dep't of Soc. Servs.*, C/A No. 2:10-cv-2162-DCN-RSC, 2010 WL 3655566, at *5 (D.S.C. Aug. 31, 2010), *R&R adopted by* 2010 WL 3655564 (D.S.C. Sept. 20, 2010) (explaining that a plaintiff's allegations, which included that the family court proceeding was an injustice and an abuse of power, was an improper attempt to have the federal court review state family court proceedings, which "is precisely the type of claim that the *Rooker-Feldman* doctrine precludes").

*Younger* **Abstention**

To the extent Plaintiff's claims are an attempt to have this Court interfere with any currently pending family court matters, her claims are without merit and the Court may not entertain such claims under the *Younger* Abstention Doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States of America held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (internal quotation marks omitted). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44; *see Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (explaining the circumstances when *Younger* abstention is appropriate). From *Younger* and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to

determine when abstention is appropriate: "[1] there are ongoing state judicial proceedings; [2] the proceedings implicate important state interests; and [3] there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Hum. Rels.*, 38 F.3d 1392, 1396 (4th Cir. 1994).

Because at least one of Plaintiff's family court actions appears to remain pending at this time, the first factor is met. This case implicates important state interests and, as such, the second factor is met. *See Harper v. Pub. Serv. Comm'n of West Va.*, 396 F.3d 348, 352 (4th Cir. 2005) ("'family relations [are] a traditional area of state concern'") (quoting *Moore v. Sims*, 442 U.S. 415, 435 (1979)). Lastly, Plaintiff has an adequate opportunity to raise her claims in the family court cases and on appeal in the state appellate courts. *See* S.C. Code § 14-8-200(a) (setting forth jurisdiction of South Carolina Court of Appeals to review appeals from family court). Therefore, to the extent Plaintiff asks the Court to interfere with a current custody proceedings, all three factors are met for *Younger* abstention to apply. *See e.g.*, *Estate v. Jarrett*, C/A No. 2:21-cv-02506-RMG-MGB, 2022 WL 14966432, at *8 (D.S.C. July 28, 2022) ("To the extent Plaintiff's family court proceedings are ongoing, any claims involving the current status of her parental rights are not properly before this Court under the *Younger* abstention doctrine."), *R&R adopted by* 2022 WL 14893370 (D.S.C. Oct. 26, 2022); *Horan v. Coen*, C/A No. 1:22-cv-2017-SAL-SVH, 2022 WL 20628781, at *2 (D.S.C. July 25, 2022) ("To the extent Plaintiff's family court is ongoing, the *Younger* abstention applies."), *R&R adopted by* 2023 WL 5345547 (D.S.C. Aug. 21, 2023).

**Failure to State a Claim**

Finally, to the extent Plaintiff is attempting to assert a stand-alone claim for a constitutional violation under 42 U.S.C. § 1983 that is not part of the family court proceedings, any such claim is subject to dismissal. Plaintiff appears to assert claims pursuant to 42 U.S.C. § 1983, which "'is

not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). All the Defendants named in this action are entitled to dismissal.[4]

---

[4] For the reasons explained herein, Plaintiff is unable to assert any federal law claim against the Defendants named in this action. Plaintiff may be able to pursue state law claims against some of the Defendants. However, any state law claim is subject to summary dismissal because the Court would lack jurisdiction over it. Without any federal question claim, the Court could only exercise jurisdiction over Plaintiff's state law claims if the Complaint satisfied the requirements for diversity jurisdiction. This Court does not have diversity jurisdiction because the Complaint does not allege the required complete diversity of citizenship of the parties. *See* 28 U.S.C. § 1332. The Court further notes that Plaintiff's state law claims could be heard by this Court through the exercise of supplemental jurisdiction, which allows federal courts to hear and decide state law claims along with federal law claims. Federal courts are permitted to decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), however, if "the district court has dismissed all claims over which it has original jurisdiction." In deciding whether to exercise supplemental jurisdiction, courts look at "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). The Supreme Court has warned that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law . . . . [I]f the federal claims are dismissed before trial . . . the state law claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Here, Plaintiff's allegations concerning her state law claims present solely state law questions. Accordingly, the Court should decline to exercise supplemental jurisdiction over any state law claims presented against Defendants.

### *(1) Kevin Lamar Williams Sequoia*

Kevin Lamar Williams Sequoia ("Sequoia") is Plaintiff's former husband and the father of their minor children. ECF No. 1 at 4. Plaintiff makes numerous allegations about Sequoia regarding his "abusive and controlling behaviors" that occurred throughout the marriage and during the family court proceedings. *Id*. at 4–9. Sequoia is not a state actor and, therefore, Plaintiff has no § 1983 claim against him. *See Kebort v. Stiehl*, C/A No. 5:17-cv-00418-D, 2018 WL 2927762, at *3 (E.D.N.C. May 17, 2018) (dismissing the plaintiff's § 1983 claim against ex-husband finding he was not a state actor), *R&R adopted by* 2018 WL 2905732 (E.D.N.C. June 11, 2018).

### *(2) Kitchings and Burton*

Jenny Abbot Kitchings ("Kitchings") is identified as the Clerk of Court for the South Carolina Court of Appeals. ECF No. 1 at 9. Plaintiff contends that Kitchings used South Carolina Appellate Court Rule 203 to deny Plaintiff her constitutional rights to trial by jury, right to petition her government for redress of grievance, right to counsel, and right to equal protection under the law; claimed legal nullity in filings in violation of the First Amendment; unconstitutionally silenced Plaintiff by refusing to correspond with Plaintiff regarding her appeal; and dismissed Plaintiff's appeal. *Id*. at 10. Melissa Burton ("Burton") is identified as the Clerk of Court for the Oconee County Family Court. *Id*. Plaintiff alleges Burton supervised the handling of the Plaintiff's family court cases. *Id*.

"[C]lerks of court are generally afforded quasi-judicial immunity from suit on claims involving 'tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.'" *Hamilton v. United States, D.O.J.*, C/A No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *6 (D.S.C. Aug. 26, 2020) (citation

omitted), *R&R adopted by* 2020 WL 5939235 (D.S.C. Oct. 7, 2020), *aff'd,* 848 F. App'x 564 (4th Cir. 2021); *see also Martin v. Rush*, C/A No. 13-cv-693, 2013 WL 2285948, at * 5 (D.S.C. 2013) (applying quasi-judicial immunity to clerk who allegedly failed to provide the plaintiff with a hearing transcript despite his request); *Robinson v. McBride*, C/A No. 13-cv-352, 2013 WL 2099491, at * 4 (D.S.C. 2013) (applying quasi-judicial immunity to clerk who allegedly failed to properly process the plaintiff's notice of appeal), *R&R adopted by* 2013 WL 2099707 (D.S.C. May 14, 2013), *aff'd*, 540 F. App'x 212 (4th Cir. 2013); *Wiley v. Buncombe County*, 846 F. Supp. 2d 480, 485 (W.D.N.C. 2012) (finding quasi-judicial immunity applied to clerk who allegedly failed to deliver judge's writ of habeas corpus to the appropriate parties). Plaintiff's allegations against the two clerks of court identified in the Complaint pertain to the performance of their duties which were an integral part of the judicial process. Plaintiff has not presented allegations showing that the clerks of court engaged in any conduct for which they would not be entitled to immunity under the applicable caselaw. Accordingly, Plaintiff's claims against the clerks of court are subject to dismissal because they are entitled to immunity under § 1983.

### *(3) Judge McElhannon*

M. Scott McElhannon ("Judge McElhannon") is identified as a family court judge. ECF No. 1 at 12. Plaintiff alleges Judge McElhannon did not allow Plaintiff to object at a hearing; did not allow evidence or testimony on behalf of Plaintiff; ordered "violation of the Plaintiff's privacy and security"; ordered a modification of child custody; permitted the use of perjury and slander as evidence; denied access of a breast-feeding baby to his mother; denied Plaintiff constitutionally effective counsel; refused to hear arguments by counsel and Plaintiff; and other similar things. *Id*. at 12–13.

It is well-settled that a judge has absolute immunity from a claim arising out of his judicial actions. *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id*. Plaintiff's allegations against Judge McElhannon arise out of his actions during the family court custody proceedings. Judge McElhannon acted in his judicial capacity and Plaintiff has not alleged facts showing he acted in the clear absence of all jurisdiction. Therefore, Judge McElhannon is entitled to absolute judicial immunity and the claims against him should be dismissed.

### (4) Attorneys Denny, Carpenter, White, Burke, Dover

Plaintiff identifies Defendants Keith G. Denny ("Denny"), Amie S. Carpenter ("Carpenter"), and Druanne D. White ("White") as her attorneys. ECF No. 1 at 13. Plaintiff contends that these attorneys' "intentional or unintentional failure to fulfill their professional duties to her resulted in the violation of her Constitutional Rights." *Id*. Megan Goodwin Burke ("Burke") is an attorney who served as a guardian ad litem for Plaintiff's minor children during the course of the custody proceedings. ECF No. 1 at 17–19. R. Scott Dover ("Dover") is identified as the attorney for Plaintiff's former husband. ECF No. 1 at 19. According to Plaintiff, Dover "conspired to violate the constitutional rights of the Plaintiff and her children," by submitting defamation and libel to the court, engaging in "coercive communications," refusing to provide various documents, and other things. *Id*. at 19–20.

Plaintiff does not allege facts showing that any of these attorneys were acting under color of state law. "Private lawyers do not act 'under color of state law' merely by making use of the state's court system." *Fleming v. Asbill*, 42 F.3d 886, 890 (4th Cir. 1994). "A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). A lawyer's "representation of [Plaintiff's ex-husband] in state court, alone, does not supply the 'under color of law' requirement for a Section 1983 claim." *Dalenko v. Aldridge*, C/A No. 5:09-cv-117-F, 2009 WL 4499130, at *5 (E.D.N.C. Dec. 3, 2009). Because private attorneys do not act under color of state law, each of these Defendants are entitled to dismissal. *See Summers v. Campbell*, C/A No. 5:23-cv-188-MOC, 2024 WL 1200317, at *2 (W.D.N.C. Mar. 20, 2024) ("Plaintiff purports to assert a claim against Defendant Davis, an attorney, but he makes no factual allegations to support the contention that this Defendant was acting under the color of state law."); *Allen v. Brown*, C/A No. 5:22-cv-00179-BO, 2022 WL 3225088, at *2 (E.D.N.C. June 7, 2022) ("Private attorneys and law firms are not engaged in state action for purposes § 1983 by participating in legal proceedings."), *R&R adopted by* 2022 WL 3222001 (E.D.N.C. Aug. 9, 2022).

Burke is also not a state actor and is entitled to immunity as a guardian ad litem. *Robinson v. Seay*, C/A No. 6:24-cv-02136-HMH-KFM, 2024 WL 2963812, at *2 (D.S.C. May 20, 2024), *R&R adopted by* 2024 WL 2962831 (D.S.C. June 12, 2024); *Fleming v. Asbill*, 42 F.3d 886, 889 (4th Cir. 1994); *see Grant v. S.C. Dep't of Soc. Servs.*, C/A No. 2:18-cv-01804-RMG-BM, 2019 WL 2093861, at *5 (D.S.C. Feb. 14, 2019) (finding that a guardian ad litem is not a state actor subject to suit under § 1983).

## **RECOMMENDATION**

Based on the foregoing, it is recommended that the District Court dismiss this action.[5]

**IT IS SO RECOMMENDED**.

s/William S. Brown  
United States Magistrate Judge

January 9, 2025  
Greenville, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

---

[5] For the reasons stated herein, it would be futile for Plaintiff to amend her pleadings. Therefore, the undersigned recommends that the Court decline to give Plaintiff an opportunity to amend. *See Workman v. Kernell*, C/A No. 6:18-cv-00355-RBH-KFM, 2018 WL 4826535, at *2 (D.S.C. Oct. 2, 2018), *aff'd*, 766 F. App'x 1 (4th Cir. 2019); *Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (holding that "[w]hen a district court dismisses a complaint or all claims without granting leave to amend, its order is final and appealable").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East Washington Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).